No. 319

VOLRICH v. STATE

Ohio Appeals, 1st Dist., Butler Co.

No. 278. Decided Nov. 2, 1925

480. EVIDENCE—Written report purporting to be analysis of intoxicating liquor not good evidence because no opportunity is given for cross examination.

PER CURIAM

John Volrich was tried for illegal possession of intoxicating liquor. The trial court admitted in evidence a written report purporting to be a chemical analysis of certain wine charged to have been in possession of Volrich.

This case was originally tried in the court of the Mayor of the Village of Monroe; error was prosecuted to the Butler Common Pleas, which affirmed the judgment of the mayor's court. Error was again prosecuted to the Court of Appeals which held:

In view of the fact that no opportunity was given Volrich to cross-examine the chemist making the analysis, admission of the report was prejudicial error.

Judgment reversed.

Attorneys—Clinton H. Boyd, Middletown, for Volrich; Murphy & Joseph, Cincinnati, for State.

No. 320

WHEELER v. LORENZ et

Ohio Appeals, 6th Dist., Lucas Co.

No. 1582. Decided Jan. 11, 1926

679. JUDICIAL SALES—Order setting aside sheriff's sale is a final order and proceeding in error will lie.

775. MISTAKE—Belief that mortgage may be applied to pay purchase price not a mistake of law and setting aside sale for that reason, not such abuse of judicial discretion as will warrant reversal.

RICHARDS, J.

This is a proceeding in error arising out of the action of the Lucas Common Pleas in setting aside a sale of real estate made by the sheriff on execution.

The purchaser bought the property under the misapprehension that he could apply a mortgage which he held on the property in payment of the purchase price.

Only two questions are involved in this case. First, was the order setting aside the sale a final order to which error may be prosecuted? Second, was the court guilty of an abuse of discretion in setting aside the sale? The Court of Appeals held:

1. An order setting aside a sheriff's sale made on execution is a final order from which a proceeding in error may be prosecuted.

2. Contention that purchaser's misapprehension was a mistake of law and not a mistake of fact, and therefore setting aside the sale was an abuse of discretion, is not in accord with the authorities on this point.

Judgment affirmed.

Attorneys—Tracy, Chapman & Wells and Earl F. Boxell for Wheeler; Edw. McCamic for Lorenz; all of Toledo.

No. 321

EDWARDS v. PARKER

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2692. Decided Nov. 30, 1925

414. DOGS—1. Dogs in this state are not considered property unless listed for taxation (5837 GC.).

2. No liability in damages if unlisted dog is killed.

PER CURIAM.

Walter Edwards brought this action to recover the value of a dog owned by him which was killed by another dog owned by William Parker. The Hamilton Common Pleas rendered judgment for Parker.

On error proceedings the Court of Appeals held:

1. No dog shall be considered property unless listed for taxation and said tax paid (GC. 5837).

2. This dog not having been listed for taxation would not, under the statute, be considered as property and no recovery may be had.

Judgment affirmed.

Attorneys—Wm. R. Collins for Edwards; Cobb, Howard & Bailey for Parker; all of Cincinnati.